## LIABILITY FOR INJURY TO EMPLOYE.

Common Pleas Court of Harrison County.

CHARLES WALLACE v. M. SPELLACY. *

Decided, June, 1906.

*Negligence—Master and Servant—Assumed Risk—Ordinary Care—Presumption—Burden of Proof—Damages.*

1. The risks assumed by an employe comprise those hazards or dangers which observation brings to his knowledge; and if the employment is more than usually hazardous, the care exercised by the employe must be in proportion to the danger involved.

2. The presumption of law that both parties were at the time of the accident in the exercise of ordinary care can only be rebutted by evidence showing the contrary; the ordinary care required being that degree of care which prudent persons are accustomed to exercise under the circumstances, recollecting that the care required varies in proportion to the danger to be averted, the burden shifting to the plaintiff if it appear from his own evidence that he was not at the time exercising proper care.

3. If an employe was warned by his foreman of the danger of standing beneath a heavy timber being raised by a derrick and was told to take a different position while the timber was being raised, or if he knew of his own knowledge that it was dangerous to stand beneath the timber while it was being raised, and he failed to take a different position and was injured by the timber falling upon him, he was guilty of contributory negligence, and there can be no recovery on account of such injury.

4. In assessing damages for a wrongful injury, the jury may take into consideration the pain and suffering endured in consequence thereof, the expense incurred for medical treatment, and the time lost by reason of the injury, and in addition if the injury is permanent may award such damages as the evidence shows is reasonably certain to result from the injury, not exceeding in the aggregate the amount claimed in the petition.

The plaintiff in this case recovered a verdict for a substantial amount as damages for injuries sustained while in the defend-

---

* Reversed by the Circuit Court without report; Circuit Court reversed and Common Pleas affirmed by the Supreme Court without report, *Wallace v. Spellacy*, 79 Ohio State.

ant's employ.   The charge to the jury, which the Supreme Court has found to be free from error, was as follows:

SHOTWELL, J.

*Gentlemen of the Jury:*

The plaintiff says that on and prior to the 28th day of May, 1902, he was in the employ of the defendant as a trestle carpenter in the construction of a railroad trestle and that the defendant was the contractor in the construction of said trestle; that on said date the plaintiff, with a number of other laborers in the employ of the defendant, acting under the orders and instructions of defendant, were performing labor in the construction of said trestle; that in the construction thereof it was necessary to lift timbers, of different sizes, a number of feet above the ground and put them in place; that for the purpose of said lifting and placing, the defendant had to use a derrick, operated and used by steam power; that said derrick was located at a point on a level with the highest point necessary to lift timbers; that in said construction, on account of the length of timbers; and the convenience, the said trestle was erected in divisions corresponding to the stories of a building; that the aforesaid derrick was located on the top of the division they were then erecting, the timbers being lifted immediately in front of the derrick and placed in the proper position by the workmen; that on or about the 28th day of May, aforesaid, the said workmen, of whom plaintiff was one, were working on the first division or story of said trestle, the top of which was about eighteen feet from the ground; that said trestle was constructed by the placing in position of upright and horizontal timbers, bracing the same and spiking them together; that to do this, in addition to the men working on the ground, the defendant required two of his workmen to perform labor on top of said story or division, one on top of each side of the structure; that said two men were required to work on the most forward part of the structure, being there required to receive and put in place the timbers and fasten the same to that part of the division already erected; that the aforesaid derrick was located immediately behind the said two workmen on top of the trestle; that the boom of said

derrick was so adjusted that when swinging upon the gearing, the end of it described an arc of a circle the radius of which would be about eight feet; that when thus swinging it could, if allowed, swing directly over the aforesaid persons who were working on top of the division in the place where they were required to work by the defendant; that the plaintiff was on the date aforesaid one of the men working on the top of said trestle; that he was then working under the directions of defendant, as the same were made known to him by defendant's foreman in charge; that at the time while he was in the place he was ordered to be, and a timber was being lifted and placed in position and when the boom of said derrick was swinging directly over him, but without his knowledge, the eye bolt at the top of the mast in said derrick broke, thus permitting said timber, boom and carrying blocks thereto attached to fall, which they did, with their combined weights upon the plaintiff, the said boom and blocks striking plaintiff across the face and body, all of which occurred without any fault in any way upon the part of the plaintiff.

Plaintiff further says that by reason of his being struck by the said boom and blocks as aforesaid, he sustained the following injuries: a partition bone of his nose was broken and injured so that it was necessary to remove it, which was done, thus resulting in permanent injury to said member and his permanent disfigurement; his right cheek bone was broken loose from its articulations; his upper jaw bones were broken entirely loose from their articulations and from each other, so that they are now and have been since said injury entirely useless, having to be supported in place by an artificial apparatus, and injured to such an extent that they can never be restored to their original condition before the injury, or so that they can perform their natural functions; his lower jaw bone was broken in two places and thrust upward, so that it can never be restored to its original position and never properly perform all its natural functions, it being so injured that the point of the same will not now close by about half an inch and never will, thus rendering it impossible for him to chew his food. The bone of his right ear was crushed and his hearing permanently injured; the muscles of the right side of his face are hardened through disease; his hip

bone was crushed in its upper portion and the nerves injured and the muscles paralyzed and destroyed to such an extent that his right leg is permanently injured in that he will never be able to walk properly and naturally and will always be compelled to use a crutch or cane; and that the roof of his mouth or palate bones were broken and partly destroyed and on that account removed, leaving an opening from the mouth upward into the cavity of the nasal passage above.

The plaintiff says that it was the duty of the defendant to furnish him a safe and secure derrick for the purpose of lifting said timbers; to have said derrick in a safe and secure place; to have said derrick free from defects and sufficiently strong to lift the timbers necessary to construct said trestle; to so lift and place said timbers that the boom of said derrick would not swing over him when he was in the place he had to be, to receive the timbers, and the place he was directed to be in by the defendant, through his foreman in charge; and to furnish a sufficiently skillful and competent foreman to direct the construction of said trestle in such a manner that plaintiff might perform his labor with safety and security.

Plaintiff says that he went into the employ of the defendant relying upon the defendant performing the aforesaid duties as he had a right to do, but, notwithstanding the defendant's duties as aforesaid and in total disregard thereof, defendant conducted himself so carelessly, unskillfully and negligently that he wrongfully put plaintiff in an unsafe place to work, furnished an unsafe and insecure derrick for the purpose of lifting said timbers, said derrick not being sufficiently strong in any place and the eye-bolt being especially unfit and unsafe from lack of strengtn and not fit to lift the necessary timbers to construct said trestle; furnished a defective derrick in that it did not swing properly from side to side but upon such a twist that such eye-bolt was, upon said date, always in danger of being broken; located said derrick in an unsafe place; required his workmen operating said derrick to so operate it as to swing the boom directly over plaintiff when he was working where he was directed to work and where he had to work to receive the timbers which he had to handle; and put in charge of said work an incompetent and un-

skillful foreman; that without any fault on plaintiff's part but wholly on account of the negligence aforesaid on the part of the defendant, and in direct and proximate consequence of the same, plaintiff suffered and received all the injuries aforesaid.

The plaintiff further says the defendant had full knowledge of the unsafe, deficient, insecure condition of said derrick, but that he, plaintiff, did not know and had no opportunity to know and could not, by the exercise of ordinary care, have known of the condition of said derrick as described, being ignorant and unskillful and compelled to rely, which he did, upon the defendant doing his duty in such matters; that when he was receiving timbers delivered by said derrick, it was his duty and required all his attention to watch and receive said timbers, and that while so working, he was not in position to watch said boom and could not watch it, but was compelled to rely upon defendant's foreman in charge to see that said boom was not swung over him, of all of which defendant had full knowledge as well as full knowledge of the manner and method in which said work and operations were being conducted; and that defendant had full knowledge of the incompetency and unskillfulness of said foreman in charge, while plaintiff relied upon his competency and skillfulness.

Plaintiff further says that he is a young man and up to and at the time of receiving said injuries he had always been in good health and was then fully able to perform manual labor, and that his services were reasonably worth the sum of $2 to $2.50 per day, and that, by reason of his injuries, he has been wholly deprived of said wages and permanently injured, so that he will never be able to earn the same by manual labor.

Plaintiff further says that, on account of said injuries, he was confined to his bed for many weeks; that he suffered great mental and physical agony; that he has been put to great expense for medical treatment; that he can not and never will be able to masticate his food; that his digestive system is partially destroyed and his health permanently injured; that he is compelled to subsist on prepared food which continues to destroy his health; that he is permanently injured, as hereinbefore described, and is completely disabled physically; that he has been damaged in the sum of $25,000, for which amount he asks a verdict of the jury.

To this petition the defendant has filed on answer wherein he admits that on and prior to May 28th he was a railroad contractor, engaged in the construction of a trestle on the Lake Erie, Alliance & Wheeling Railroad; that in conducting said work he had in his employ a number of men and among them the plaintiff; that by an unfortunate accident occurring while said work was in progress, the plaintiff was injured.

These allegations of the petition being admitted by the answer, must be taken by you as true without any evidence being offered to sustain them.

The defendant says that he is not informed as to the full extent of the injuries of plaintiff and that he is in no manner responsible therefor; that the work of building trestles and lifting heavy timbers with a derrick is not free from danger; but he denies that he put plaintiff in an unsafe place to work; denies that he furnished an unsafe and insecure derrick insufficient for the work to be done; denies that he placed in charge of the work an incompetent and unskilled foreman; denies that he or any of those placed in charge of said workmen were careless. negligent or unskillful, but, on the contrary, avers that they were prudent, cautious and careful in all their operations and management, watchful to protect, in so far as possible, all those in their employ from accident or injury.

The defendant denies each and every other allegation of said petition except as admitted heretofore and avers that the injuries received by plaintiff were either attributable to his own carelessness or negligence or to circumstances which defendant could in no possible manner foresee or control and for which he was in no way responsible.

The plaintiff for a reply to defendant's answer says that excepting the admissions, he denies each and every allegation in said answer contained.

The allegations in the answer of contributory negligence on the part of plaintiff is denied by the plaintiff's reply. This denial of negligence on the part of said Wallace throws upon said Spellacy the burden of proving such negligence, unless the plaintiff's own testimony tends to show that said plaintiff was negligent, in which case the plaintiff must fail in this action, un-

less by his other proof he still is able to show that the plaintiff was at the time in the exercise of ordinary care and prudence.

Both the defendant and said Wallace were required by the rules of law to be in the exercise of ordinary care at the time said accident occurred. It is important for the jury to understand what is meant by ordinary care. Ordinary care is well known to mean that degree of care which persons of ordinary care and prudence are accustomed.to use and employ under the same or similar circumstances in order to conduct the enterprise in which they are engaged to a safe and successful termination, having due regard to the rights of others and to the objects to be accomplished. It is obvious from this definition that the ordinary care required by the rule has not only an absolute but a relative signification. It is to be such care as prudent persons are accustomed to exercise under the peculiar circumstances of each case. If called into exercise under circumstances of peculiar peril, a greater amount of care is required than where the circumstances are less perilous, because prudent and careful persons, having in view the objects to be attained and the just rights of others, are, in such cases, accustomed to exercise more care than in cases less perilous. The amount of care is indeed increased but the standard is still the same. It is still nothing more than ordinary care under the circumstances of that particular case.

The circumstances then are to be regarded in determining whether ordinary care has been exercised.

This definition of ordinary care you will apply to the conduct of both the said Wallace and said Spellacy at the time of the accident alleged in the petition. If you believe from the testimony that said Spellacy at the time was in the exercise of ordinary care and prudence in the construction and maintenance of said derrick and the use of the same and in the manner of doing the work described, no recovery can be had against said Spellacy, notwithstanding the injury to said Wallace. And, again, if you believe from the evidence that both the said Wallace and the said Spellacy were negligent and not in the exercise of ordinary care at the time, then there can be no recovery in favor of said Wallace. In order to recover in this action it is necessary

for you to find that the said Spellacy, in bringing about the said injury to the said Wallace, was not in the exercise of ordinary care and prudence and that said Wallace was then and there in the exercise of ordinary care and prudence.

Said Spellacy avers, as before stated, in his answer that the injury to said Wallace was brought about by his own negligence and want of ordinary care.

If the plaintiff's own testimony shows or tends to show that said Wallace was not then and there in the exercise of ordinary care, then the said Wallace must fail to recover, unless he shows by his other testimony enough to rebut any presumption of negligence on the part of the said Wallace occurring at the time of the accident. Otherwise the burden of proof is upon the defendant to show that the said Wallace was not then and there in the exercise of ordinary care and that his negligence contributed to his injury.

There is no presumption of negligence against either party. Indeed the presumption of law is that both parties were at the time in the exercise of ordinary care and prudence, and that presumption can only be rebutted by the facts proved showing the contrary thereof. I may therefore add, gentlemen of the jury, that negligence is never presumed; it must be proven, or you are to assume that it does not exist. If the evidence of the plaintiff raises a presumption of contributory negligence on his part, the burden is on him to remove that presumption. If all the proof shows that by ordinary care on the plaintiff's part he would not have been injured, the plaintiff can not recover and your verdict must be for the defendant.

Ordinary care is such degree of care as prudent persons are accustomed to use under the circumstances, thus varying in proportion to the danger to be averted. The greater the danger, the greater should be the care. Such care the plaintiff as well as the defendant was bound to use in this case. The most prudent persons will sometimes omit due care but must suffer the consequences if they do. Each party should be on the guard against such lapses of care on the part of the other. If both are careless, the result or damage must rest where it falls. There can be no recovery.

One of the grounds of negligence claimed by the plaintiff is that the defendant wrongfully placed the plaintiff in an unsafe place to work. This is denied by the defendant and is an issue to be determined by the jury from the evidence.

Upon this question I instruct you that an employe assumes the risks ordinarily incident to such employment, including the hazards which observation would bring to his knowledge. If, therefore, you find that the plaintiff assumed the employment upon the top of this derrick where he was working at the time of the injury, you must bear in mind that he assumes the risks ordinarily incident to such employment. This risk would include hazards which observation would bring to his knowledge.

If engaged in a hazardous employment, he must exercise care in proportion to the danger of his employment to not only avoid dangers which he could not help but see, but also exercise ordinary care to see others which might be observed by him, that is, hazards which such observation would bring to his knowledge.

If he failed to do this and was thereby injured he would be guilty of contributory negligence and can not recover in this action.

One of the claims of the defendant is that the injury to the plaintiff was caused by negligence of the plaintiff in standing under the boom or derrick at the time of the injury when not necessary, and in disobeying the directions or warnings of the foreman to stand from under the timbers and derrick while the timbers were being raised, and that, in consequence of his failure so to obey instructions and in standing under this boom when it fell, he was injured.

This also is a question for the jury to determine from the evidence; if you find that the plaintiff had been warned or directed to stand from under the derrick while timbers were being raised, or that he knew that it was dangerous so to do, and that he neglected to comply with such warning or direction and keep from under the derrick while the timber was being thus raised, and in consequence thereof was injured, then he would be guilty of contributory negligence and could not recover in this action.

If the defendant provided a plank out of danger for the plaintiff to stand on, and where he could do so in safety while

the timber was being lifted, and the plaintiff knew of such provision for his safety and the object and purpose thereof, and could thereby have easily avoided the injury, then it was his duty to so protect himself, and if he neglected so to do and in consequence thereof he was injured, then he would be guilty of contributory negligence and can not recover in this action.

The plaintiff alleges that the defendant had in use, where plaintiff was injured, an unsafe and insecure derrick, in that the eye-bolt was unfit and unsafe and the derrick swung upon a twist so that the eye-bolt was in danger of being broken.

Now, gentlemen, if you find that the plaintiff was in the exercise of ordinary care at the time of his injury and was injured by reason of the unsafeness and insecurity of the said derrick and eye-bolt, and that this was caused by the failure of the defendant to use ordinary care in providing a reasonably safe derrick for plaintiff to work with, then the defendant would be liable therefor and your verdict should be for the plaintiff. It was the duty of the defendant to use ordinary care to provide plaintiff a reasonably safe derrick. It was his duty to use ordinary care to provide reasonably safe appliances. They must be such as reasonably prudent men would provide to be used under the same or similar circumstances. If defendant, Spellacy, did not use reasonable care to provide such an eye-bolt and derrick, and Wallace, while using ordinary care himself to prevent being injured, was injured by reason of the eye-bolt breaking, then it would be your duty to find a verdict for the plaintiff.

Look at all the evidence and circumstances in evidence in the case to determine whether or not the defendant did use ordinary care to provide such a derrick as I have already instructed you he was bound to furnish.

Another ground of negligence alleged against defendant is that he placed plaintiff in an unsafe place to work and located said derrick in an unsafe place. Upon this question I also instruct you that it was the duty of the defendant to use ordinary care to furnish plaintiff a reasonably safe place to work, and if defendant failed so to do and plaintiff was injured in consequence thereof, without negligence on his part directly contributing to his own injury, the defendant would be liable therefor.

If the jury find for plaintiff under these instructions, you will then proceed to assess the amount of his recovery, and in your estimate thereof you may take into consideration the pain and suffering he has sustained in consequence thereof, as shown by the evidence; what, if any, expense he is shown to have incurred for medical treatment; his loss of time, if any, as shown by the evidence; and, if you find from the evidence that his injuries are permanent, you may look to the future and award him such damages as the evidence shows may be reasonably certain to result from the injury. For the amount of his damages thus found, not exceeding in any event the amount claimed in the petition, you will render a verdict in his favor.

If you find for defendant, you will simply say so by your verdict.

Your verdict must be in writing and signed by one of your number as foreman.

The defendant, by counsel, requested the court to charge the jury as follows:

Request No. 1. One of the grounds of negligence claimed by the plaintiff is that defendant wrongfully placed plaintiff in an unsafe place to work. This is denied by defendant and is an issue to be determined by the jury from the evidence. Upon this question I instruct you that an employe assumes the risks ordinarily incident to such employment, including the hazards which observation would bring to his knowledge. If, therefore, you find that the plaintiff assumed the employment upon the top of this derrick where he was working at the time of the injury, you must bear in mind that he assumes the risks ordinarily incident to such employment. This risk would include hazards which observation would bring to his knowledge.

If engaged in a hazardous employment, he must exercise care in proportion to the danger of his employment and not only avoid dangers which he could not help but see, but also exercise ordinary care to see others which might be observed by him; that is, hazards which such observation would bring to his knowledge. If he failed to do this and was thereby injured

he would be guilty of contributory negligence and can not recover in this action.

Request No. 2. One of the claims of the defendant is that the injury to the plaintiff was caused by negligence of the plaintiff in standing under the boom or derrick at the time of the injury when not necessary, and in disobeying the directions or warning of the foreman to stand from under the timbers and derrick while the timbers were being raised, and that in consequence of his failure to so obey instructions and in standing under this boom when it fell he was injured.

This also is a question for the jury to determine from the evidence; if you find that the plaintiff had been warned or directed to stand from under the derrick while timbers were being raised, or that he knew that it was dangerous so to do, and that he neglected to comply with such warning or direction and keep from under the derrick while the timber was being thus raised, and in consequence thereof he was injured, then he would be guilty of contributory negligence and could not recover in this action.

Request No. 3. If the defendant provided a plank out of danger for the plaintiff to stand on, and where he could do so in safety while the timber was being lifted, and the plaintiff knew of such provision for his safety and the object and purpose thereof, and could thereby have easily avoided the injury, then it was his duty to so protect himself, and if he neglected so to do and in consequence thereof he was injured, then he would be guilty of contributory negligence and can not recover in this action.

Request No. 4. Negligence is never presumed. It must be proved or you are to assume that it does not exist.

Request No. 5. If the evidence of plaintiff raises a presumption of contributory negligence on his part, the burden is on him to remove that presumption.

Request No. 6. If all the proof shows that by ordinary care on the plaintiff's part, he would not have been injured, the plaintiff can not recover, and your verdict must be for the defendant.

Ordinary care is such degree of care as prudent persons are accustomed to use under the circumstances, thus varying in proportion to the danger to be averted. The greater the danger, the greater should be the care. Such care the plaintiff, as well as the defendant, was bound to use in this case.

Request No. 7. One who knowingly and unnecessarily encounters a peril, does not exercise ordinary prudence and does so at his own risk. Should you find that the plaintiff did this, your verdict must be for the defendant.

Request No. 8. The most prudent persons will sometimes omit due care, but must suffer the consequences if they do. Each party must be on guard against such lapses of care on the part of the other. If both are careless, the result or damage must rest where it falls. There can be no recovery.

Request No. 9. It is necessary for the plaintiff to show that his injury resulted on account of the culpable negligence of the defendant or he can not recover.

That portion of the circuit court opinion which was reversed by the Supreme Court was as follows:

The court in his charge, page 276, says:

"In order to recover in this action, it is necessary for you to find that said Spellacy, in bringing about the said injury to said Wallace, was not in the exercise of ordinary care and prudence and that Wallace was then and there in the exercise of ordinary care and prudence."

It is urged upon our attention that this is prejudicial. In this contention we think counsel for plaintiff in error have made a valid objection to this charge. We think the trial court, whether inadvertently or otherwise, in stating to the jury, "Spellacy in bringing about the said injury to said Wallace," was in error. The jury might well understand that the court was saying to them that Spellacy brought about said injury to said Wallace and that it was only necessary for them thereafter to find whether or not Wallace was in the exercise of ordinary care. We think the court in thus stating the matter to

the jury assumed certain facts which were in issue and which were prejudicial.

We call attention to the case in 43 O. S., 332:

"Where a fact, material to the issue, concerning the existence, of which there is conflict, in the evidence, is assumed by the court, in the charge to the jury, to be fully established, the province of the jury is invaded, and prejudicial error is shown."

Another case more in point is found in 40 O. S., 52:

"In an action to recover damages for an injury to the person through the alleged carelessness of another it is error to use language in the charge from which the jury might reasonably infer that the court assumed the existence of material facts that were in dispute."

We think it clearly falls within the provisions of this 40 O. S. case, 52, first section of the syllabus, and for the error so indicated the judgment of the court below will be reversed.